IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MILTON CHISUM; REBECCA CHISUM; MILO CHISUM DEVELOPMENT & CONSTRUCTION COMPANY, LLC; TEXAS WORKFORCE COMMISSION; INMANN T. DABNEY JR. AKA INMANN DABNEY; SANDRA L. DABNEY; CAPITAL FARM CREDIT, FLCA; ATASCOSA COUNTY; and WILSON COUNTY,<br><br>Defendants. | Case No.: 5:25-cv-00045-OLG |

## COMPLAINT

The United States of America, under 26 U.S.C. §§ 7401–7403, at the direction of a delegate of the Attorney General of the United States, and with the authorization and sanction of a delegate of the Secretary of the Treasury, brings this civil action seeking:

(1) judgments against Milton Chisum and Rebecca Chisum (together, "the Chisums") for certain assessed but unpaid federal tax liabilities;

(2) a judicial determination that Defendant, Milo Chisum Development and Construction Company, LLC, is an alter ego or nominee of the Chisums that is liable for the Chisums' federal tax liabilities at issue in this suit;

(3) a judicial determination that Defendant Milo Chisum Development and Construction Company, LLC, is holding certain real property as the Chisums' alter ego or nominee; and

-1-

(4) that the United States is entitled to enforce its federal tax liens against real property to satisfy the Chisums' unpaid federal tax liabilities.

In support of its Complaint, the United States alleges as follows:

## JURISDITION, VENUE, AND PARTIES

1. This Court has jurisdiction over this matter under 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. Venue is proper under 28 U.S.C. §§ 1391(b) and 1396 because the Defendants reside and conduct business in this district, the tax liabilities at issue arose with respect to activities in this district, and the real property at issue is in this district.

3. Plaintiff is the United States of America.

4. Defendants, Milton Chisum and Rebecca Chisum, are married and reside together in Atascosa County, Texas, within this Court's jurisdiction.

5. Defendant, Milo Chisum Development & Construction Company, LLC, ("the LLC") is a limited liability company previously registered under the laws of the State of Texas with its principal address in Atascosa County, Texas, within this Court's jurisdiction. the LLC may be served through its Registered Agent, Milton Chisum.

6. Defendant Texas Workforce Commission conducts business in Austin, Texas and may claim an interest in the real property described below.

7. Defendant Inmann T. Dabney, Jr. aka Inmann Dabney resides in Medina, Texas within this district and has been named as a defendant as he may claim an interest in the Jourdanton property discussed below.

8.      Defendant Sandra L. Dabney resides in Round Rock, Texas within this district and has been named as a defendant as she may claim an interest in the Jourdanton property discussed below.

9.      Capital Farm Credit, FLCA conducts business in Austin, Texas and has been named as defendant as it may claim an interest in the personal residence property discussed below.

10.     Atascosa County is located within this district and has been named as a defendant as it may claim an interest in the State Highway and Jourdanton real property discussed below.

11.     Wilson County is located within this district and has been named a defendant as it may claim an interest in the personal residence property discussed below.

## COUNT I
## REDUCE TO JUDGMENT JOINT FEDERAL INCOME TAX ASSESSMENTS AGAINST MILTON CHISUM AND REBECCA CHISUM

12.     On the following dates, a delegate of the Secretary of the Treasury made joint assessments against the Chisums for federal income tax and penalties for the years 2012 through 2015, which have balances due with accruals as of November 1, 2024, as follows:

| Tax Year | Assessment Date | Tax Assessed | Penalties | Balance (11/01/24) |
|---|---|---|---|---|
| 2012 | 08/31/15 | $ 13,177.00 | $ 2,964.82* | $557,941.72 |
|  | 03/12/20 | $206,695.00 | $41,339.00*** $47,004.00* |  |
|  | 10/24/22 |  | $54,834.98* |  |

| 2013 | 03/12/20 | $138,674.00 | $27,886.20*** $32,371.50* | $276,713.88 |
|------|----------|-------------|---------------------------|-------------|
|      | 10/24/22 |             | $34,808.95**              |             |
| 2014 | 02/20/17 | $ 9,403.00  | $ 2,350.75*               | $148,296.14 |
|      | 07/06/20 | $58,500.00  | $ 14,625.00* $ 11,700.00*** |           |
|      | 10/24/22 |             | $ 14,491.63**             |             |
| 2015 | 07/20/17 |             | $    152.56**             | $ 73,970.36 |
|      | 07/06/20 | $35,471.00  | $  7,094.00***            |             |
|      | 10/24/22 |             | $  8,853.14**             |             |

*Late filing penalty

**Late payment penalty

***Accuracy-related penalty

13. In a stipulated decision entered by the United States Tax Court in *Chisum v. Commissioner* (Dkt. No. 2317-18) on January 15, 2020, the Chisums agreed to pay additional tax and penalties for each of the years set forth above, leading to the assessments as set forth above dated March 12, 2020 and later.

14. The IRS gave the Chisums notices of the unpaid assessments referred to above and made demands for payment on or about the date of each unpaid assessment.

15. Despite the notices and demands for payment, the Chisums failed, refused, or neglected to pay their outstanding joint federal income tax liabilities in full.

16. As of November 1, 2024, the unpaid balance of the assessments referred to above (including accrued interest, statutory additions, and any credits, abatements, or payments), totals $1,056,922.10. Statutory additions, including interest, continue to accrue from and after November 1, 2024.

17. Accordingly, under 26 U.S.C. § 7402, the United States is entitled to a judgment that the Chisums are jointly and severally indebted to the United States for $1,056,922.10 as of November 1, 2024, for their unpaid joint income tax liabilities for the 2012 to 2015 tax years, plus statutory additions, and prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621, and 28 U.S.C. § 1961(c), until paid in full.

## COUNT 2
### ALTER EGO DETERMINATION

18. On March 8, 2017, the LLC was formed with Robert M. Chisum as the registered agent and managing member.

19. On September 15, 2017, a Certificate of Correction was filed changing the name of the managing member to Milton R. Chisum and also listing his name as the registered agent.

20. Milton Chisum is a member, registered agent, and sole governing person of the LLC.

21. After incurring the federal tax debt discussed above, the Chisums have used their alter ego or nominee, the LLC, to shield their income and assets, including two real properties discussed below, from IRS collection.

22. After the IRS issued levies, the Chisums stopped using their existing personal bank accounts and instead used business bank accounts of the LLC in an attempt to shield their income and assets from IRS collection.

23. On June 24, 2022, the Texas Secretary of State forfeited the charter of the LLC for failure to pay its franchise tax. The LLC had not sought to revive its forfeited privileges within 120 days of the date after that privilege was forfeited by the Texas Secretary of State.

24. Since it was incorporated in 2017, the LLC has not filed a federal corporate income or employment tax return.

25. Since it was incorporated in 2017, the LLC has never made any corporate income tax deposits.

26. Milo Chisum is the sole member of the LLC but has not filed his federal income tax returns since 2015.

27. Milton Chisum had income reported to him, or his sole proprietorship, on IRS Forms 1099 from the LLC in 2018 (totaling $77,768.00) and 2019 (totaling $62,200.00).

28. Because Milo Chisum did not file federal income tax returns in 2018 and 2019 (and in fact has not filed a federal income tax return since 2015), there is no record of income from the LLC to Milo Chisum reported on any federal tax return.

29. Rebecca Chisum had $1,420 in non-employee compensation reported to her from the LLC in 2019.

30. Because Rebecca Chisum did not file a federal income tax return in 2019 (and in fact has not filed a federal income tax return since 2015), there is no record of income from the LLC to Rebecca Chisum on any federal tax return.

31. Under 26 U.S.C. § 7402(a) and common law, an alter ego of a debtor may be held liable for debts owed by the debtor, and the alter ego's assets may be reached to satisfy those debts. *See, e.g.*, *Zahra Spiritual Trust v. United States*, 910 F.2d 240, 244–45 (5th Cir. 1990). It is well-settled that property held by a taxpayer's alter ego may be subjected to a federal tax lien or levy. *See, e.g.*, *G.M. Leasing Corp v. United States*, 429 U.S. 338, 350–51 (1977). "The alter-ego doctrine focuses on the relationship between a debtor and an entity. If a debtor uses a corporation as an instrumentality to avoid legal obligations, the corporation's assets may be levied to satisfy the debtor's obligations." *United States v. L & L Int'l, Inc.*, No. H-17-923, 2020 U.S. Dist. LEXIS 5034, at *5 (S.D. Tex. Jan. 13, 2020).

32. The Chisums have commingled corporate and personal finances and used corporate funds to pay personal expenses as demonstrated by their extensive use of the the LLC's bank accounts for personal expenses, including personal credit card bills, after taxes were assessed and the IRS levied on their personal bank accounts in 2021.

33. Milo Chisum is the sole member of and exerts substantial control over the operations of the LLC through, among other things, his extensive use of the LLC's checking and savings accounts.

34. Milo Chisum has failed to observe corporate formalities and record keeping of the LLC by his failure to file corporate tax returns for the LLC and failure to pay franchises taxes owed to the State of Texas.

35. Milo Chisum's use of the LLC to shield the Chisums' income and assets from the IRS as a creditor is unjust and constitutes fundamental unfairness is continued.

36. The Chisums have used the LLC to shield their real property from the IRS as a creditor, by transferring real property to the LLC while retaining the benefits of true ownership of such property.

37. Specially, after incurring the large tax debt discussed above, the Chisums transferred the Jourdanton property, discussed below, where Rebecca Chisum conducts a septic business, to the LLC. The Chisums also purchased their personal residence, also discussed below, where they currently reside, in the name of the LLC, to protect it from their major creditor, the IRS.

38. Mortgage payments for the personal residence, purportedly owned by the LLC, have been made not from the LLC's bank account but from Rebecca Chisum's bank account.

39. In addition to the properties in suit, in May of 2017, after incurring the large tax debt referenced above, the Chisums transferred other real property to the LLC.

40. The Chisums have also used another LLC, not named in this suit, to protect other property from the IRS. .

41. County tax and other records reveal that the Chisums, not the LLC (with one exception), have paid property taxes owned on properties allegedly owned by the LLC. Other records reveal that utilities for the personal residence, purportedly owned by the LLC, as explained below, are paid from the Chisums' personal bank accounts.

42. Accordingly, the United States seeks a judgment determining that Defendant, Milo Chisum Development & Construction Company, LLC, is an alter ego of the Chisums and holding that Defendant, Milo Chisum Development & Construction Company, LLC, is liable for the debts owed to the United States by the Chisums.

### COUNT 3
### ENFORCE FEDERAL TAX LIENS AGAINST
### 4518 E. STATE HIGHWAY 97, PLEASANTON, TEXAS

43. On May 30, 2018, in accordance with 26 U.S.C. § 6323(f), a notice of federal tax lien for 2011 and 2012 income tax in the amount of $32,252.04 against Milton and Rebecca Chisum was recorded in Atascosa County, Texas.

44. On June 14, 2021, in accordance with 26 U.S.C. § 6323(f), a notice of federal tax lien for 2013 through 2015 income tax in the amount of $407,262.02 against Milton and Rebecca Chisum was recorded in Atascosa County, Texas.

45. On June 21, 2021, in accordance with 26 U.S.C. § 6323(f), a notice of federal tax lien for 2011 and 2012 income tax in the amount of $509,441.39 against Milton and Rebecca Chisum was recorded in Atascosa County, Texas.

46. On October 12, 2022, in accordance with 26 U.S.C. § 6323(f), a notice of federal tax lien for the Chisum's 2011 through 2015 income tax in the amount of $898,221.00 against Milo Chisum Development and Construction, LLC as alter ego of Milton Chisum and Rebecca Chisum was recorded in Atascosa County, Texas.

47. The first piece of real property against which the United States seeks to enforce its federal tax liens is located at 4518 E. State Highway 97, Pleasanton, Texas, (the

"State Highway property") and consists of land, along with all the improvements, buildings, and appurtenances thereon, with the following legal description:

> Being 2.06 acres out of the John H Gibson survey number 603, abstract number No. 330, Atascosa County, Texas and out of a 3.61 acre tract of land described in volume 860, page 511, deed records, Atascosa County, Texas. Said 2.06 acres being more particularly described as follows:
>
> Beginning at an ½ iron pin set in the east line of the 3.61 acres, for the southeast corner of this tract. Said southeast corner being N 08º 43' 19" E, 95.85 feet from the southeast corner of the 3.61 acre tract of land.
>
> Thence along the south line of this tract the following courses:
>
> S 81º 16' 41" W, 40.00 feet to an ½" iron pin set
> N 51º 35" 41' W, 122.85 feet to an ½" iron pin set.
> N 16º 25' 45" W, 56.79 feet to an ½" iron pin set.
> S 80º 36' 28" W, 218.57 feet to an ½" iron pin set in the west line of the 3.61 acre tract and the east line of a 3.374 acre tract of land described in volume 708, page 330, Deed Records, Atascosa County, Texas, for the southwest corner of this tract.
>
> Thence N 26º 01' 28" W, 166.83 feet along the common line of the 3.61 acre tract and the 3.374 acre tract, to an ½" iron pin set, for the northwest corner of this tract, the northwest corner of the 3.61 acre tract and the northeast corner of the 3.374 acre tract.
>
> Thence N 69º 39' 47" E, 407.72 feet along the north line of the 3.61 acre tract and the south line of a 14.14 acre tract of land described in Volume 54, Page 461, Official Public Records, Atascosa County, Texas to an ½" iron pin found, for the northeast corner of this tract, the northeast corner of the 3.61 acre tract and the southeast corner of the 14.14 acre tract.
>
> Thence S 08º 43' 19" E, 385.13 feet along the east line of the 3.61 acre tract, to the point of beginning.
>
> And
>
> Being an 40 foot ingress and egress easement out of the John H Gibson survey No. 603, abstract number 330, at Atascosa County, Texas and out of a 3.61 acre tract of land described in volume 860, page 511, Deed Records, Atascosa County, Texas. Said 40 feet ingress and egress easement being more particularly described as follows:

Beginning at an ½" iron pin found on the north line of State Highway No. 97, for the southeast corner of this easement and the southeast corner of the 3.61 acre tract of land.

Thence S 69° 42' 08" W, 40.83 feet along the north line of State Highway No. 97, to an ½" iron pin set, for the southwest corner of this easement.

Thence N 08° 43' 19" W, 104.04 feet along a line parallel, and 40 feet westerly of the east line of the 3.61 acre tract, to an ½" iron pin set, for the northwest corner of this easement.

Thence N 81° 16' 41" E, 40.00 feet to an ½" iron pin set in the east line of the 3.61 acre tract, for the northeast corner of the easement.

Thence S 08° 43' 19" E, 95.85 feet along the east line of the 3.61 acre tract, to the point of beginning.

48. By warranty deed dated July 3, 2003, Rebecca Chisum purchased the State Highway property.

49. Under 26 U.S.C. § 7403, the United States is entitled to enforce, by foreclosure sale or other court orders, the federal tax liens described above against the State Highway property. In particular, the United States is entitled to have the State Highway property sold in a judicial sale, or by a receiver appointed for that purpose, free and clear of all the rights, titles, claims, liens, and interests of the parties, including, any rights of redemption, with the proceeds to be distributed in accordance with the law as determined by this Court.

## COUNT 4
## ENFORCE FEDERAL TAX LIENS AGAINST
## 1507 JOURDANTON AVENUE, JOURDANTON, TEXAS

50. The United States incorporates by reference paragraphs 43 through 46 above as if set forth fully in this Count.

51. The second piece of real property against which the United States seeks to enforce its federal tax liens is located at 1507 Jourdanton Avenue, Jourdanton, Texas (the "Jourdanton property") and consists of a mobile home used as the business office of a septic business operated by Rebecca Chisum. The Jourdanton property is more fully described in the County Deed Records as:

> Being Lots Five (5) and Six (6), Block Twelve, and part of "C" Street lying along southeast perimeter of said lots, Lovelace Subdivision No. 125, City of Jourdanton, Atascosa County, Texas, as per plat of record on Sheet 29-A (NPC), Map and Plat Records of Atascosa County, Texas.

52. The Chisums acquired the Jourdanton property on December 17, 2004 from Defendants Inmann T. Dabney Jr. aka Inmann Dabney and Sandra L. Dabney.

53. At the time of purchase, the Jourdanton property was subject to a vendor's lien to Defendants Inmann T. Dabney Jr. aka Inmann Dabney and Sandra L. Dabney.

54. While the Chisums' debt to Defendants Inmann T. Dabney Jr. aka Inmann Dabney and Sandra L. Dabney has been satisfied, the vendor's lien continues to cloud title on the Jourdanton property.

55. On May 18, 2017, the Chisums purportedly transferred the Jourdanton property to the LLC by a General Warranty Deed for an unspecified and unknown amount of "(c)ash and other good and valuable consideration."

56. The transfer took place after shortly after the Internal Revenue Service made most of the initial income tax assessments at issue in this suit and was made to an entity, the LLC, that is the Chisums' alter ego or nominee. This was also after the IRS had begun an examination of the Chisums' income tax liabilities for the years at issue here.

57.     Rebecca Chisum uses the Jourdanton property to operate a port-o-potty and septic business known as Max's Services.

58.     Under 26 U.S.C. § 7403, the United States is entitled to enforce, by foreclosure sale or other court orders, the federal tax liens described above against the Jourdanton property held by the Chisums' alter ego or nominee, the Milo Chisum Development & Construction, LLC. In particular, the United States is entitled to have the Jourdanton property sold in a judicial sale, or by a Receiver appointed for that purpose, free and clear of all the rights, titles, claims, liens, and interests of the parties, including, any rights of redemption, with the proceeds to be distributed in accordance with the law as determined by this Court.

## COUNT 5
## ENFORCE FEDERAL TAX LIENS AGAINST
## 1433 COUNTY ROAD 115, PLEASANTON, TEXAS

59.     The third piece of real property against which the United States seeks to enforce its federal tax liens is located at 1433 County Road 115, Pleasanton, Texas, where the Chisums reside (the "personal residence"). The personal residence is more fully described in the County Deed Records as:

Being 22.47 acres of land out of the James Bradley survey, No. 342, Abstract No. 47, Wilson County, Texas, being the land described in a conveyance to Brett and Amy Hayden in the deed of record in volume 1025, page 283, Official Public Records of Wilson County, Texas, and being more particularly described by meets and bounds as follows:

Beginning at a set ½ inch rebar with a "Pollock & Sons" cap on the southerly line of the Augustin Kalisek land described in Volume 323, Page 120, Wilson County Deed Records for the northeasterly corner of the San Antonio Water System land described in Volume 1057, Page 243, Wilson County Official Public records and the northwesterly corner of this tract;

THENCE with the common line of the Kalisek land and of this tract, South 68° 00' 35" East, distance of 231.60 feet to a set ½ rebar with a "Pollock & Sons" cap; South 68° 33' 06" East, distance of 549.22 feet to a set ½ inch rebar with a "Pollock & Sons" cap for the northeasterly corner of this tract and northwesterly corner of the Jon S. Hayden land described in Volume 850, Page 76, Wilson County Official Public Records;

THENCE with the common line of the Jon S. Hayden land and of this tract, South 35° 34' 06" West, distance of 472.59 feet to a set ½ rebar with a "Pollock & Sons" cap; South 18° 01' 10" West, distance of 883.56 feet to a set ½ inch rebar with a "Pollock & Sons" cap for a common corner on the northerly line of the Charles H. Freeman III, et ux land described in Volume 882, Page 172, Wilson County Official Public Records;

THENCE with the common line of the Freeman land and of this tract, North 69° 12' 33" West, distance of 56.10 feet to a set ½ inch rebar with a "Pollock & Sons" cap; North 70° 21' 14" West, distance of 478.26 feet to a set ½ inch rebar with a "Pollock & Sons" cap; North 69° 47' 37" West, distance of 227.80 feet to a found ½ inch pin for the southwesterly corner of this tract and southeasterly corner of the San Antonio Water System land described in Volume 1057, Page 243, Wilson County Official Public Records;

THENCE North 23° 16' 34" East, with the westerly line of this tract, easterly line of the San Antonio Water System land, and the Harold Hayden land described in Volume 1007, Page 879, Wilson County Official Public Records, total distance of 1363.80 feet to the POINT OF BEGINNING containing 22.47 acres of land as shown on the plat that accompanies this description.

Together with a 30 foot wide ingress and egress easement more particularly described in the deed recorded October 17, 2017 at Book 1996, pages 389 to 393 in the official records of Wilson County, Texas.

60. On October 4, 2017, the Chisums' alter ego or nominee, Milo Chisum Development & Construction, LLC, acquired title to the personal residence where the Chisums currently reside via a warranty deed accompanied by a Real Estate Deed of Trust executed by Milton Chisum.

61. The acquisition took place shortly after the Internal Revenue Service made most of the income tax assessments at issue in this suit and was made in the name of an entity, the LLC, that is the Chisums' alter ego or nominee. This was also after the IRS had begun an examination of the Chisums' income tax liabilities for the years at issue here.

62. The Chisums use this property as their personal residence.

63. On October 12, 2022, in accordance with 26 U.S.C. § 6323(f), a notice of federal tax lien for 2011 through 2015 income tax in the amount of $898,221.00 against the LLC as an alter ego of Milton Chisum and Rebecca Chisum was recorded in Wilson County, Texas.

64. Under 26 U.S.C. § 7403, the United States is entitled to enforce, by foreclosure sale or other court orders, the federal tax liens described above against the personal residence held by the Chisums' alter ego or nominee, the Milo Chisum Development & Construction, LLC. In particular, the United States is entitled to have the personal residence sold in a judicial sale, or by a Receiver appointed for that purpose, free and clear of all the rights, titles, claims, liens, and interests of the parties, including, any rights of redemption, with the proceeds to be distributed in accordance with the law as determined by this Court.

## PRAYER

For the reasons described above, the United States of America prays for a judgment:

A. Determining that Defendants, Milton Chisum and Rebecca Chisum, are jointly and severally liable to the United States for their joint income tax liabilities arising out

       of tax years 2012, 2013, 2014, and 2015, in the aggregate amount of $1,056,922.10 as of November 1, 2024, plus statutory additions and prejudgment and post judgment interest at the rates set forth in 26 U.S.C. §§ 6601 and 6621, and 28 U.S.C. § 1961(c), until paid;

B.    Determining that Milo Chisum Development & Construction Company, LLC is an alter ego of Defendants, Milton and Rebecca Chisum, and as such it is liable for their federal income tax liabilities set forth above, and that the Chisums are the true owners of the property held by the Milo Chisum Development & Construction Company, LLC;

C.    Ordering that the federal tax liens securing payment of the tax liabilities described in this Complaint may be foreclosed or enforced by other court orders against 4518 E. State Highway 97, Pleasanton, Texas in a judicial sale, or by a Receiver appointed for that purpose, free and clear of all the rights, titles, claims, liens, and interests of the parties, including, any rights of redemption, with the proceeds of the sale distributed in accordance with the law as determined by this Court;

D.    Determining that the Milo Chisum Development and Construction Company, LLC, holds 1507 Jourdanton Avenue, Jourdanton, Texas as an alter ego or nominee for Defendants, Milton and Rebecca Chisum, and that Defendants, Milton and Rebecca Chisum, are the true owners of 1507 Jourdanton Avenue, Jourdanton, Texas;

E.    Ordering that the federal tax liens securing payment of the tax liabilities described in this Complaint may be foreclosed or enforced by other court orders against 1507 Jourdanton Avenue, Jourdanton, Texas by sale of 1507 Jourdanton Avenue,

       Jourdanton, Texas in a judicial sale, or by a Receiver appointed for that purpose, free and clear of all the rights, titles, claims, liens, and interests of the parties, including, any rights of redemption, with the proceeds of the sale distributed in accordance with the law as determined by this Court;

F.    Determining that the Milo Chisum Development and Construction Company, LLC, holds 1433 County Road 115, Pleasanton, Texas as a alter ego or nominee for Defendants, Milton and Rebecca Chisum, and that Defendants, Milton and Rebecca Chisum, are the true owners of 1433 County Road 115, Pleasanton, Texas;

G.    Ordering that the federal tax liens securing payment of the tax liabilities described in this Complaint may be foreclosed or enforced by other court orders against 1433 County Road 115, Pleasanton, Texas by sale of 1433 County Road 115, Pleasanton, Texas in a judicial sale, or by a Receiver appointed for that purpose, free and clear of all the rights, titles, claims, liens, and interests of the parties, including, any rights of redemption, with the proceeds of the sale distributed in accordance with the law as determined by this Court; and

H.    Awarding the United States such other and further relief as this Court deems just and proper, including, its costs incurred in this action and for any surcharge authorized by 28 U.S.C. § 3011.

                                                      Respectfully submitted,

Dated: January 10, 2025.                    DAVID A. HUBBERT
                                                      Deputy Assistant Attorney General

                                                      s/*Michael May*
                                                      Michael W. May
                                                      TX State Bar No. 24054882
                                                      United States Department of Justice
                                                      Tax Division
                                                      1700 Pacific Ave., Ste. 3700
                                                      Dallas, TX 75201
                                                      Phone: 214-880-9730
                                                      Fax: 214-880-9741
                                                      Email: Michael.w.may@usdoj.gov

                                                      ATTORNEYS FOR THE UNITED STATES